IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE RADFORD                                              PLAINTIFF

               v.                Civil No. 1:14-cv-01021

DANIEL MOORE; SHUMEECIE LARK;
SAM KIRBY; LISA PENNINGTON;
DR. ANDREW WOLLFLEY;
QUINTAN BAILEY; and RITA PHILLIPS                            DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jessie Radford filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 3, 2014. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.  BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Columbia County Detention Center ("CCDC") in Magnolia, Arkansas. Plaintiff's address of record indicates he is no longer incarcerated.

In Plaintiff's Complaint, he names Officer Daniel moore, Officer Shumeecie Lark, Sergeant Sam Kirby, Nurse Lisa Pennington, Dr. Andrew Wollfley, Quintan Bailey, and Rita Phillips as

Defendants in this matter. Plaintiff claims he was illegally arrested on false charges and that excessive force was used to arrest him even though he did not resist in any way. ECF No. 1, pp. 7-10.

## II.     APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.    DISCUSSION

Plaintiff claims he was arrested and incarcerated on false charges. Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims regarding his confinement in the CCDC fails to state a cognizable claim under section 1983.

Further, Plaintiff's first claim only challenges his arrest and incarceration. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

2

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87.   Plaintiff did not make any allegations that his criminal conviction has been overturned.  A section 1983 claim that would necessarily imply the invalidity of a conviction is premature.  *Id.*  Thus, Plaintiff's claims regarding the illegality of his arrest and incarceration are not cognizable claims under section 1983.

Moreover, many of the Defendants named by Plaintiff are not subject to suit under section 1983.  Plaintiff names Nurse Lisa Pennington, Dr. Andrew Woolfley, Quinton Bailey, and Rita Phillips, all employees of Magnolia Arkansas Hospital as Defendants.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999).  Plaintiff made no allegations that Pennington, Woolfley, Bailey, or Phillips were state actors.  *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) (only a state actor can be held liable under section 1983).  Accordingly, Plaintiff has failed to state cognizable claim under section 1983 against Pennington, Woolfley, Bailey, or Phillips.

IV.   **CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's claims challenging his incarceration be **DISMISSED**; all of Plaintiff's claims against Nurse Lisa Pennington, Dr. Andrew Woolfley, Quinton Bailey, and Rita Phillips be **DISMISSED;** and Nurse Lisa Pennington, Dr. Andrew

Woolfley, Quinton Bailey, and Rita Phillips be **DISMISSED** from this action without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  Plaintiff's claim of excessive force against Officers Moore, Lark, and Kirby remain.  The issue of service will be addressed by separate order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 1st day of July 2013.**

                                          /s/ Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE