IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE RADFORD                                                                          PLAINTIFF

v.                                  Civil No. 1:14-cv-1021

DANIEL MOORE;
SHUMEECIE LARK; and
SAM KIRBY                                                                              DEFENDANTS

**ORDER**

Before the Court is Plaintiff Jessie Radford's second Motion to Reopen Case (ECF No. 63) and a Motion to Appoint Counsel. (ECF No. 64). Defendants have filed a response in opposition to the Motion to Reopen. (ECF No. 66). The Court finds these matters ripe for consideration.

**I. BACKGROUND**

Plaintiff, representing himself, filed this 42 U.S.C. § 1983 action on April 3, 2014. (ECF No. 1). On December 8, 2016, the case was referred to the Honorable Barry A. Bryant, United Magistrate Judge, for a mandatory settlement conference. (ECF No. 44). The settlement conference was held on March 1, 2017. On April 2, 2017, Plaintiff signed a General Release of All Claims and Settlement Agreement settling the case against all Defendants in exchange for the total sum of two thousand dollars ($2,000.00). (ECF No. 59-1). Plaintiff requested that the settlement funds be disbursed as follows: (1) one thousand eight hundred dollars ($1,800.00) payable to the order of Betty Radford (Plaintiff's mother) for the benefit of Jessie Radford; and (2) two hundred dollars ($200.00) to be sent to Plaintiff through the Arkansas Department of Correction ("ADC") Trust Funds Centralized Banking. (ECF No. 59).

In accordance with Plaintiff's instructions, Defendants sent a money order to Plaintiff in the amount of $200.00 and a check in the amount of $1,800.00 to Betty Radford made payable to

1

"Betty Radford for the Benefit of Jessie Radford." Ms. Radford called defense counsel and informed her that she was unable to cash the check because of the way it was made out. A second check was then issued on or about May 10, 2017, made payable only to Betty Radford. (ECF No. 59-4). Ms. Radford cashed the check on May 18, 2017.[1] (ECF No. 59-4).

On April 27, 2017, Defendants filed a Motion to Dismiss based on the settlement agreement between the parties. (ECF No. 56). Plaintiff did not file any response or objection to this motion. On May 1, 2017, the Court granted Defendants' motion and stated that it "retains jurisdiction to vacate this order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary." (ECF No. 57). On January 29, 2018, Plaintiff filed a Motion to Reopen this case. (ECF No. 58). In denying Plaintiff's motion, the Court determined that, based on the record, Plaintiff knowingly and voluntarily agreed to settle this case and release all his claims in exchange for the payment of $2,000.00. The Court also noted that Plaintiff made no allegation that Defendants failed to fulfill their obligations under the settlement agreement. (ECF No. 62).

In his second Motion to Reopen Plaintiff states:

> "In this case a settlement was offered the Judge that was working the settlement stated to me if I didn't take the settlement or make a settlement I wouldn't get nothing and the settlement also would be reasonable to avoid the cost of court set up for trial. Those words influansed my decision to agree to the $2000 settlement, However I was told that the settlement wasn't compleat after the Judge order Defendant to submit any agreement of settlement in within 30 days of settlement Defendands didn't follow order. Dead line passed. I asked that the money sent to my mom Betty Radford and Defendant Attorny agreed. I didn't know that because my mom wasn't a part of the litigation that I wasn't able to send it to her or bring her into this case because legaly she wasn't a part of the and the Due proces ment wasn't compleat I would like to reopen the case and send it to trial I was denied in

---

[1] After the parties agreed to the terms of the settlement but prior to the funds being disbursed, an individual identifying herself as Betty Radford began calling defense counsel stating that the settlement amount was not enough and that the funds should be sent to her. Ms. Radford has never been a party to this litigation. Defense counsel spoke with Plaintiff on April 18, 2018, via telephone, and Plaintiff confirmed he still agreed to settle the case for $2,000.00 and wanted $200.00 deposited into his ADC account and the remainder of the funds given to his mother.

2

the Us. Courts so now Im asking of your help to appeal this case . . . please settlement Not Compleat."

(ECF No. 63). Plaintiff also asks that counsel be appointed to represent him. (ECF No. 64). Defendants assert that nothing has changed since the Court denied Plaintiff's first motion to reopen this case, and thus Defendants incorporate by reference their previous response in opposition to reopening the case.

## II. DISCUSSION

### A. Motion to Appoint Counsel (ECF No. 64)

The Court will first address Plaintiff's request for counsel. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action. 28 U.S.C. 1915(e)(1). Plaintiff has effectively represented himself in this matter by participating in discovery and responding to various motions, including successfully defending a motion for summary judgment. Almost two years have passes since this case was dismissed. Thus, the Court finds that Plaintiff will not benefit from assistance of counsel at this time. Accordingly, Plaintiff's Motion to Appoint Counsel (ECF No. 64) is **DENIED.**

### B. Motion to Reopen Case (ECF No. 63)

As noted previously, the instant motion is Plaintiff's second request to reopen this case and set aside the settlement agreement that he verbally agreed to at the settlement conference and later signed into writing. Plaintiff now claims for the first time that he accepted the settlement because Judge Bryant told him he would "get nothing" if he went to trial. Plaintiff further claims that Defendants "didn't follow orders" to "submit any agreement of settlement in within 30 days of settlement."[2] (ECF No. 63).

---

[2]This seems to be a reference to the Court's order dismissing this case which states in part, "IT IS ORDERED that if any party desires that the terms of settlement be a part of the record, those terms should be reduced to writing and filed with the court within thirty (30) days of the entry of this Judgment." (ECF No. 57)

3

A district court possesses the inherent power to enforce a settlement agreement in a case pending on the court's docket. *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999). The settlement of cases and controversies is strongly favored by public policy since settlement of cases helps to relieve the court calendar of congestion and speeds the process of justice. *Southern Farm Bureau Life Insurance Company v. Burney*, 590 F. Supp. 106, 1020 (E.D. Ark. 1984). Settlement contracts, absent fraud or a genuine mutual mistake of fact, should be upheld. *Id.* "A settlement agreement is essentially a contract, subject to contractual rules of interpretation and enforcement." *Sheng v. Starkey Labs., Inc.,* 53 F.3d 192, 194 (8th Cir. 1995). To constitute a full and enforceable settlement, there must be such a definite offer and acceptance that it can be said there has been a "meeting of the minds" on the material terms of the agreement. *Id.*

Neither of Plaintiff's arguments to set aside the settlement in this case are persuasive. First, any statements made by Judge Bryant during the settlement conference were only recommendations that the Plaintiff was free to accept or reject. Second, Plaintiff's claim that Defendants "didn't follow orders" is not supported by the record.

One month after the settlement conference Plaintiff signed the settlement and release agreement. Plaintiff then gave instructions to Defendants as to how he wanted the settlement funds disbursed and those instructions were followed. The $1,800 check was cashed by Plaintiff's mother and the remaining $200 was deposited into Plaintiff's ADC account. The Court entered an Order dismissing the case because the parties had settled all claims. ECF No. 57. The Order stated that, if any party desired that the terms of settlement be a part of the record, the party should file the terms of settlement within thirty (30) days. It appears that Plaintiff is interpreting this language to mean that Defendants were ordered to file the terms of the settlement with the Court by a certain date. Because Defendants did not do so, Plaintiff asserts that the settlement is

4

incomplete. Plaintiff's interpretation of the Court's Order (ECF No. 57) is incorrect. The Order does not require Defendants to file the terms of settlement with the Court; instead, the Order allows either party to file the terms of settlement if either party so desires.

The Court finds that there is no evidence of fraud or mistake of fact in this case. Plaintiff's dissatisfaction with the settlement after the fact does not constitute a reason to reopen this case and set the settlement aside.

### III.  CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Motion to Reopen (ECF No. 63) should be and hereby is **DENIED**.

**IT IS SO ORDERED,** this 3rd day of April, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge